UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **KIMBERLY CALVERT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CAUSE NO: 1:12-cv-596 |
| | ) |
| **BROWNSBURG COMMUNITY** | ) |
| **SCHOOL CORPORATION,** | ) |
| | ) |
| **Defendant.** | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I.  Nature of the Case**

1.  Plaintiff Kimberly Calvert brings this Complaint against her former employer, Brownsburg Community School Corporation, for violation of the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 et seq.  Specifically, Plaintiff contends that Defendant discriminated against her, failed to accommodate her disabilities, retaliated against her for her requests for accommodation, and terminated her because of her disability.

**II.  Parties**

2.  The Plaintiff, Kimberly Calvert ("Calvert"), is a United States citizen who resided within the geographic boundaries of the Southern District of Indiana at all times relevant to this action.

3.  The Defendant is a school district in Hendricks County, in the Southern District of Indiana.

4.  At all times relevant to this action Calvert was an "eligible employee" as defined by the ADA, 42 U.S.C. § 12111(4).

5. Plaintiff is an individual who has been regarded as having a disability as that term is defined by the ADA, 42 U.S.C. § 12102(2) and/or Plaintiff is an individual with a disability and/or record of a disability, as that term is defined by the ADA, 42 U.S.C. § 12102(2) and 12111(8). Plaintiff is a "qualified individual with a disability" and/or has been perceived by Defendant to be disabled.

6. Defendant is an "employer" as defined by the ADA, 42 U.S.C. § 12111(5)(A).

### III. Jurisdiction and Venue

7. This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. §§ 1331 and 42 U.S.C. § 12117.

8. Calvert satisfied her obligations to exhaust administrative remedies, having timely filed a Charge of Discrimination, Charge No. 846-2011-68493, with the Equal Employment Opportunity Commission ("EEOC"), alleging, *inter alia*, discrimination on the basis of disability, harassment and failure to accommodate.

9. On February 20, 2012, the EEOC issued its *Notice of Right to Sue* to Calvert, who files this Complaint within ninety (90) days of receipt of that notice.

10. Venue is proper in this Court because all events giving rise to this lawsuit occurred with the Southern District of Indiana.

### IV. Factual Allegations

11. Defendant hired Calvert in September, 1995. Calvert began working for Defendant as a bus driver in about August,1996.

12. Throughout Calvert's employment, she met or exceeded all of Defendant's legitimate employment expectations.

13. Calvert is able to perform all of the essential functions of her position with or without a reasonable accommodation.

14. Defendant's Transportation Director, John McCloud, constantly harassed Calvert because of her disability, creating a hostile work environment, and disclosed Calvert's confidential medical information.

15. Defendant failed to enter into an interactive process in regards to Calvert's requests for accommodation, and instead flatly and unreasonably rejected Calvert's requests.

16. On or about April 27, 2011, Calvert was accused of aggressive driving. The video was inconclusive, but Defendant nonetheless issued written discipline to Calvert.

17. On May 15, 2011, Defendant terminated Calvert, forcing her to take early retirement and reduced pension benefits.

18. Defendant's stated reasons for disciplinary actions taken against Calvert, including her termination, are pretext for discrimination based on her disability. Similarly-situated employees have been treated more favorably than Calvert.

19. Calvert has suffered damages as a result of Defendant's unlawful actions.

## V. Legal Allegations: Disability Discrimination

20. Plaintiff hereby incorporates paragraphs one (1) through nineteen (19) of her Complaint.

21. Calvert has a serious health condition which substantially limits one or more of her major life activities.

22. Alternatively, Defendant unreasonably regarded Calvert as having a disability that interfered with her ability to perform her job.

23. Defendant unlawfully terminated Calvert based on her disability, record of disability, or, alternatively, because Defendants regarded Calvert as disabled.

24. Defendant's stated reason for terminating Calvert is pretextual.

25. Defendant's discrimination of Calvert was done in reckless disregard for Calvert's federally protected rights.

26. Defendant's actions caused Calvert both emotional and economic harm.

27. Defendant's intentional and unlawful employment actions have violated Plaintiff's rights as they are protected by the Americans with Disabilities Act (ADA), as amended 42 U.S.C. § 12101 et seq.

## VI. Relief Requested

WHEREFORE, Plaintiff Kimberly Calvert respectfully requests that this Court enter judgment in her favor and provide her the following relief:

1. Reinstatement to her former position, or front pay in lieu thereof.

2. Compensation, and all unpaid wages and monetary loss suffered as a result of the Defendant's unlawful actions, in an amount that will make her whole.

3. Compensatory, consequential, and punitive damages.

4. Payment of her reasonable attorney fees and costs associated with this action.

5. Pre-judgment and post-judgment interest on all sums recoverable.

6. Any and all other relief to which she is entitled.

        Respectfully submitted,

        *s/ John H. Haskin*

        _____

        John H. Haskin

        *s/ Paul A. Logan*

        _____

        Paul A. Logan

        JOHN H. HASKIN & ASSOCIATES, LLC
        255 North Alabama Street, 2nd Floor
        Indianapolis, IN 46204
        Telephone:  (317) 955-9500
        Facsimile:  (317) 955-2570
        E-Mail:  jhaskin@hlllaw.com
                plogan@hlllaw.com

## **Demand for Jury Trial**

    The Plaintiff, Kimberly Calvert, by counsel, respectfully requests a trial by jury as to all issues deemed so triable.

        Respectfully submitted,

        *s/ John H. Haskin*

        _____

        John H. Haskin